UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WALTER L. MCINTOSH,

    Plaintiff,

-vs-                                        Case No.  5:03-cv-442-Oc-10GRJ

RAYMOND GAUTHIER, FRANCES
GAUTHIER, STEPHEN G. SEMESCO,
MARGUERITE C. SEMESCO, ALBRIGHT
REALTY, George Albright & Agents,

    Defendants.
_____

**O R D E R**

This case is before the Court for consideration of six documents: (1) the *pro se* Plaintiff's motion for relief from the Court's order (Doc. 56); (2) *pro se* Plaintiff's response to the Court's order to show proof of service of process (Doc. 55); (3) Defendant Albright Realty's motion for an order confirming dismissal (Doc. 60); (4) *pro se* Defendants Raymond and Frances Gauthier's motion to dismiss (Doc. 61); (5) *pro se* Plaintiff's motion for leave to file a second amended complaint (Doc. 63); and (6) *pro se* Plaintiff's motion to set aside an order of the Magistrate Judge (Doc. 65). For the reasons that follow, Docs. 56, 61, 63, and 65 are due to be denied. The motion for an order confirming dismissal is due to be granted, and the Plaintiff's claims against the non-entity "Albright Realty" or "Albright Realty & Representatives (George Albright & Agents)," or any other derivation thereof, are due to be dismissed without prejudice.

**Background and Facts**

The *pro se* Plaintiff, Walter McIntosh, a citizen of New York, is the owner of a plot of land (lot 8) in a development known as Redwood Shores Estates on Lake Weir in Marion County, Florida. The Plaintiff alleges that the Defendants, Mr. and Mrs. Semesco and Mr. and Mrs. Gauthier, together with "Albright Realty & Representatives (George Albright and Agents)," made "illegal changes" to the survey of the Redwood Shores development so that the Plaintiff's 1/12th interest in the private park and beach, walkway, private roadway, and cabana area were annexed into lots 1 and 2, and then sold by Albright Realty to the Semescos and the Gauthiers.

**Discussion**

***1. Pro se Plaintiff's Motion for Relief from the Court's Order***

Prior to the Court's order (Doc. 45), Daniel Dumont was a co-plaintiff in this case. Mr. Dumont was dismissed, however, because the deed by which he claimed to share an interest in the property at issue did not contain the signatures of two subscribing witnesses, and was therefore ineffective to convey an interest in land under Florida law.[1] Plaintiff McIntosh joined by Mr. Dumont subsequently moved pursuant to Rule 60 for relief from the Court's order (Doc. 51). As grounds for the motion, they argued that the Court "ignored" Plaintiff McIntosh's affidavit, in which he swore that he witnessed the execution of the

---

[1] See § 689.01, Fla. Stat. (an interest in land may only be conveyed "by instrument in writing, signed in the presence of two subscribing witnesses by the party creating, making, granting, conveying, transferring or releasing such . . . interest . . . .")

quitclaim deed.[2] This motion was denied because Plaintiff McIntosh's affidavit did not alter the fact that the deed does not have the signatures of two subscribing witnesses (Doc. 54).

Plaintiff McIntosh and Mr. Dumont again move the Court for relief from the order on summary judgment (Doc. 56). This time they ask that the Court vacate its order because the deed has been rerecorded in the county records together with attached notarized affidavits of Plaintiff McIntosh, Mr. Dumont, and Mr. John A. Hohl, swearing that they witnessed the execution of the quitclaim deed purporting to convey the property from Mr. Hohl to Mr. Dumont. For the third time: a "subscribing witness" is one "who witnesses or attests the signature of a party to an instrument, and in testimony thereof *subscribes his own name to the document*."[3] In other words, the subscribing witnesses must sign the deed. Because the deed still does not contain the signatures of two subscribing witnesses, the Plaintiff has presented no reason to disturb the Court's order dismissing Mr. Dumont. Accordingly, the motion for relief (Doc. 56) is due to be denied.

***2. Plaintiff's Response to Court Order & Defendants' Motion to Confirm Dismissal***

On February 14, 2005, the Court made an order (Doc. 54) directing Plaintiff McIntosh to file proof that he has served process on the *sui juris* entity "George Albright Properties, Inc." by serving process on its registered agent and sole director and officer, Agnes E. Albright. The Plaintiff has been told repeatedly that he must serve process in this manner, and he has been given every opportunity to do so over the last eight months.[4] The

---

[2] Doc. 42.

[3] Am. Gen. Home Equity, Inc. v. Countrywide Home Loans, Inc., 769 So. 2d 508, 509 (Fla. 5th DCA 2000) (emphasis supplied).

[4] See Doc. 29 (order dated July 27, 2004, advising Plaintiff that correct Defendant is George
(continued...)

3

Plaintiff's response to the Court's order (Doc. 55) fails to contain proof that service of process has been effected on George Albright Properties, Inc. Accordingly, Defendant's motion for an order confirming dismissal of the action against Albright Realty (George Albright and Representatives/ Agents) (Doc. 60) is due to be granted, and the Plaintiff's claims against the non-entity "Albright Realty" or "Albright Realty & Representatives (George Albright & Agents)," or any other derivation thereof, are due to be dismissed without prejudice.

### *3. Pro Se Defendants Raymond and Frances Gauthier's Motion to Dismiss*

The *pro se* Defendants Raymond and Frances Gauthier move to dismiss the Plaintiff's complaint against them (Doc. 61). The Gauthiers are alleged to be the owners of one of the tracts of land that the Plaintiff says was illegally formed by annexing his interest in the private park and beach, walkway, beach and cabana area, and private roadway into lots 1 and 2.

The only argument raised by the Gauthiers warranting discussion is their contention that easements do not provide a basis for asserting an ownership interest in land. This is incorrect because an easement is a type of interest in land - it is a right to use land, albeit not a right to possess land. The Plaintiff has alleged that the Defendants attempted to annex or destroy the easements recorded in his favor. The Court has not been shown anything in the amended complaint or attached documents suggesting that the easements forming the basis of the Plaintiff's claim are invalid, or that the easements were somehow

---

[4](...continued)
Albright Properties, Inc. and that service may be made on its registered agent Agnes E. Albright, and warning Plaintiff that failure to effect service of process would result in dismissal); Doc. 54 (order dated February 14, 2005, same).

destroyed prior to the Plaintiff's purchase of the property, or any other reason to conclude at this juncture that the Plaintiff cannot enforce his rights to the easements.[5] Therefore, the Gauthiers have not presented a basis for dismissing the complaint.[6]

### *4. Plaintiff's Motion for Leave to Amend Complaint*

Plaintiff McIntosh moves the Court (Doc. 63) for leave to amend his amended complaint (Doc. 34). The Plaintiff would amend the complaint to identify "Albright Realty & (G.J.A. JR.), "George Albright Realty Inc. & (G.J.A. JR.)," "Albright Investments, Inc. & (G.J.A. JR)," and "George Albright Properties, Inc. & (G.J.A. JR.)" as defendants. In light of the Court's ruling today, such amendment would be futile. Further, the proposed amended complaint would purport to assert claims on behalf of Daniel Dumont, who has been dismissed for lack of standing. Accordingly, the motion for leave to file a second amended complaint (Doc. 34) is due to be denied without prejudice.

### *5. Plaintiff's Objection to the Magistrate Judge's Order*

The Plaintiff made a motion (Doc. 57) requesting that the Court order the Defendants to file their initial disclosures with the Court. The Magistrate Judge denied the motion

---

[5] In ruling on a motion to dismiss, the Court is limited to examining the allegations in the complaint and any documents attached to the complaint to see if the plaintiff has stated a claim, assuming that the allegations are true. The Court is not permitted to look at materials that are not attached to the complaint.

[6] Doc. 34. The Plaintiff alleges that he has a one-twelfth undivided interest in the private park and beach, walkway, private roadway by virtue of easements recorded in the Marion county records. See Doc. 34 and attached appendix. However, it is not clear by what instrument the Plaintiff claims to have an interest in the cabana areas. The document creating the easements mentions twelve cabana areas fronting on Lake Weir (apparently one for each lot), but the document does not seem to create any easements with respect them. See Doc. 34 appendix at p. 5. Further, the deed conveying lot 8 to the Plaintiff does not appear to convey any interest in a cabana area. See Doc. 1, appx. E. Nevertheless, because the Plaintiff has alleged an interest in the private park and beach, walkway, private roadway the Court will not dismiss the complaint.

because Fed. R. Civ. P. 26 and Local Rule 3.03(c) do not contemplate the filing of discovery with the Court (Doc. 62). The Plaintiff objects to the Magistrate Judge's Order (Doc. 65); however, the order is not clearly erroneous or contrary to law. Accordingly, the motion is due to be denied.

## **Conclusion**

Accordingly, upon due consideration, it is adjudged that:

(1) the *pro se* Plaintiff's motion for relief from the Court's order (Doc. 56) is DENIED;

(2) Defendant Albright Realty's motion for an order confirming dismissal (Doc. 60) is GRANTED, and the Plaintiff's claims against the non-entity "Albright Realty" or "Albright Realty & Representatives (George Albright & Agents)," or any other derivation thereof, are DISMISSED without prejudice;

(3) *pro se* Defendants Raymond and Frances Gauthiers' motion to dismiss (Doc. 61) is DENIED;

(4) *pro se* Plaintiff's motion for leave to file a second amended complaint (Doc. 63) is DENIED without prejudice; and

(5) *pro se* Plaintiff's motion to set aside an order of the Magistrate Judge (Doc. 65) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 4th day of May, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record