UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WALTER L. MCINTOSH,

                              Plaintiff,

v.                                                    Case No.  5:03-cv-442-Oc-10GRJ

RAYMOND GAUTHIER, FRANCES
GAUTHIER, STEPHEN G. SEMESCO,
MARGUERITE C. SEMESCO, ALBRIGHT
REALTY, George Albright & Agents,,

                              Defendants.
_____

## REPORT AND RECOMMENDATION[1]

        This cause came before the Court for a telephonic case management conference

on June 30, 2005, to address the nature and status of the case and to determine *pro se*

Plaintiff's intent to prosecute the case in general. For the reasons discussed below, it is

respectfully **RECOMMENDED** that this case be **DISMISSED** for Plaintiff's failure to

prosecute and for his failure to comply with several orders of this Court.

        Beyond his failure to file a comprehensible complaint in this matter, *pro se*

Plaintiff has also failed to file with the Court with a joint case management report,

despite the opposing parties' obvious attempts to cooperate with Plaintiff,[2] and despite

the Court's repeated directives to do so. Although this action was filed in late 2003, the

first hint of an impending case management report arose vis-a-vis Plaintiff's "Motion to

_____

        [1]  Specific written objections may be filed in accordance with 28 U.S.C. §636, and Rule 6.02,
Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file
timely objections shall bar the party from a *de novo* determination by a district judge and from attacking
factual findings on appeal.

        [2]  Defense counsel has exhibited a good deal of courtesy in assisting Plaintiff's completion of the
case management report - a task for which Plaintiff is solely responsible. *See* Doc. 80.

Order all Parties to all Parties to File the Case Management Report." (Doc. 24.) As the motion did not contain a Local Rule 3.01(g) certification, and failed to even suggest Defendants' lack of cooperation in completing the report, the motion was denied on June 9, 2004. (Doc. 26.)

Almost one month later, the Court entered a Show Cause Order which directed Plaintiff to file an appropriate case management report or show cause in writing why the case should not be dismissed for his failure to timely file the report. (Doc. 27.) Plaintiff's response came in the form of a request not to dismiss the case (Doc. 28), and the filing of a unilateral case management report unsigned by Defendants. (Doc. 30.)

On May 25, 2005, in light of Plaintiff's demonstrated inability to resolve several case management issues, the undersigned scheduled a telephonic hearing to address Plaintiff's failure to submit a duly executed and complete joint case management report, and to assess the overall posture of this case. (Doc. 73.) Despite ample notice to all parties to be available by phone or in person at the time scheduled for the case management conference, and despite the Court's willingness to initiate the telephonic conference in an effort to relieve any burden to the parties, *pro se* Plaintiff failed to appear in person or by telephone.[3] However, *pro se* Defendants Raymond and Frances Gauthier appeared in person, while the remaining Defendants appeared telephonically.

---

[3] On the day of the conference, Mr. Daniel W. Dumont contacted the Court's chambers to advise that Mr. Walter L. McIntosh would not be available to participate in the conference. Dumont was terminated as a party to this action on November 30, 2004. At the inception of the conference, the Court made two attempts to reach McIntosh at his telephone number on the docket.

During the course of the conference, the Court attempted to piece together the nature of this controversy through representations advanced by the parties in attendance. However, as none of them had a complete understanding of Plaintiff's claims or the grounds for Plaintiff's grievances against them, the conference, which stretched beyond one hour, rendered little clarification of the nature and posture of this action. Of course, this was largely due to Plaintiff's failure to appear at the conference.

Although Plaintiff ignored the Court's directives to attend the conference and file a report, the Court graciously furnished Plaintiff another opportunity to submit a joint executed case management report. On June 9, 2005, the Court issued an Order requiring Plaintiff to personally contact all Defendants in person or by telephone and to file a joint case management report by June 24, 2005. (Doc. 82.) Plaintiff expressly was warned that his failure to confer with Defendants and timely file the joint case management report would result in a recommendation that this action be dismissed for lack of prosecution and for failure to comply with an Order of this Court. (*Id.*)

In addition to providing the Plaintiff with another opportunity to file the joint case management report, the Court scheduled a second telephonic case management conference, for June 29, 2005 so that Plaintiff would be afforded one more opportunity to attend a case management conference.  In the Oder scheduling the case management conference, the Court again advised Plaintiff that his failure to appear at the telephonic case management conference would result in a recommendation that this action be dismissed for lack of prosecution and for failure to comply with an Order of this Court.

Once again, the only parties to appear at the second conference were the Defendants. In complete contravention of the Court's Orders, Plaintiff failed to so much as answer his telephone to participate in the case management conference,[4] failed to contact the Court, failed to meet with the parties to prepare a joint case management report, and failed to file a joint case management report. Moreover.

Presently, although *pro se* Plaintiff has filed approximately forty (40) separate documents consisting of "motions" and "pleadings" which are by and large utterly deficient under the Federal Rules of Civil Procedure, he has yet to file a joint case management report, much less a complaint which provides clear and cognizable allegations of what this case is about.

## DISCUSSION

Consistent with its inherent power to achieve the orderly and expeditious disposition of cases, a federal court can act *sua sponte* to dismiss an action based upon a plaintiff's failure to prosecute[5] or for his failure to comply with an order of the court.[6] While dismissal is a drastic sanction that is to be utilized only in extreme situations, it is

---

[4] At the inception of the conference, the Court twice attempted to contact McIntosh by telephone at his phone number of record. The telephone call went unanswered.

[5] *See* Mroz v. Mroz, 65 F. 3d 1567, 1575, n. 9 (11th Cir. 1995) *Citing* Chambers v. NASCO, Inc., 501 U.S. 32 (1991). In Chambers, the United States Supreme Court discussed a federal court's inherent power to control proceedings and acknowledged that "certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Id.* at 43; *See Also* Clark v. James, 794 F. 2d 595 (11th Cir. 1986)(Dismissal of civil action for want of prosecution is appropriate sanction); Goforth v. Owens, M.D., 766 F. 2d 1533, 1535 (11th Cir. 1985).

[6] *See* Jones et al. v. Graham et al., 709 F. 2d 1457, 1462 (11th Cir. 1983)(Failure to comply with court order and local rules and clear record of delay demonstrating lack of prosecution warranted dismissal with prejudice.) *See Also* Boron v. West Texas Exports, Inc., 680 F. Supp. 1532 (S.D. Fla. 1988).

applied appropriately where there is a clear record of delay or contumacious conduct on behalf of the plaintiff.[7] The failure of a plaintiff to obey court rules and orders or a plaintiff's voluntary absence from a scheduled hearing coupled with a pattern of similar conduct have been held to constitute want of prosecution, justifying the sanction of dismissal.[8]

This case presents circumstances which justify the sanction of dismissal. Here, despite Defendants' cooperation, and several orders of the Court to do so, Plaintiff has failed to file a joint case management report in this action or for that matter to meet with the parties to discuss the preparation of joint case management report. As this case has been pending since 2003, Plaintiff's failure to timely submit the joint report in accordance with Local Rule 3.05(c)(2)(B) and F. R. Civ. P. 26(f) has led to an undue delay in the progression of the case, an undue burden to Defendants, and added strain on the Court's already limited resources.

Because Plaintiff is proceeding *pro se*, it would be understandable for him to experience some difficulty in prosecuting his case. But Plaintiff's non-participation in hearings generally convened for his benefit, his failure to cooperate or even communicate with Defendants, and his repeated defiance of this Court's Orders cannot be overlooked. The Court has exercised a great deal of patience in offering Plaintiff

---

[7] Morewitz v. West of England Ship Owners Mutual Protection and Indemnity Association, 62 F. 3d 1356, 1366 (11th Cir. 1995).

[8] *See* Jones at 1462 (11th Cir. 1983). *See Also* Clark at 597 (11th Cir. 1986)("[the sanction of dismissal] was imposed because [plaintiff] had deliberately failed to appear at the hearing, and it was an appropriate sanction. The district judge is not required to ignore a litigant's voluntary absence from a hearing set in his case [...]. If it is clear that a moving party deliberately failed to appear at a hearing on the issues he raises, dismissal is appropriate...")

multiple chances to fulfill the duties he voluntarily undertook by filing this action in the first place. Plaintiff has repeatedly forfeited those opportunities, and, moreover, he has deliberately disobeyed several Orders of this Court. If follows that his cause of action against Defendants should be dismissed.[9]

## **RECOMMENDATION**

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for Plaintiff's failure to prosecute this action and for his failure to comply with several Orders of the Court.

**IN CHAMBERS** at Ocala, Florida, on this 5th day of July, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
    The Honorable Wm. Terrell Hodges,
    Senior United States District Judge

    All Counsel
    *pro se* parties

---

[9] Beyond these reasons which support dismissal, to the extent Plaintiff advances objections to a Florida land deed recorded in 1974, his claims against Defendants would be barred by the statute of limitations set forth by Fla. Stat. § 95.231.